82,842-01

CAUSE NO.    F 0816393

| | | |
|---|---|---|
| MARK WAYNE COLE | § | IN THE 420th JUDICIAL |
| TDCJ-ID# 1612025 | § | |
| VS. | § | DISTRICT COURT OF |
| Loretta Cammack-COUNTY DISTRICT | § | |
| CLERK IN HER OFFICIAL | § | |
| CAPACITY, RESPONDENT | § | |

RECEIVED IN
NACOGDOCHES COUNTY, TEXAS
COURT OF CRIMINAL APPEALS

FEB 09 2015

Abel Acosta, Clerk

I.

A. PLAINTIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARK WAYNE COLE, Relator, PRO SE in the above styled and numbered Cause and Action: and files this ORIGINAL APPLICATION FOR WRIT OF MANDAMUS, Pursuant to Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure, and would show the Court the following:

B. RELATOR

1.01    Mark Wayne Cole, TDCJ# 1612025 is an Offender currently incarcerated in the H.H. Coffield Unit, Anderson County, Texas 75884.

1.02    Relator has exhausted his remedies and has no other adequate remedy at law.

1.03    The Act sought to be compelled is ministrial, not discretionary in nature. TCCP Art. 11.07.

Section 3 (c) requires Respondent to immediately transmit to the Court of Criminal Appeals a copy of the Application for Writ of Habeas Corpus, and any answeres filed. And a certificate reciting the date upon which that finding was made, if the convicting Court decides that there are no issues to be resolved. No copy of the Application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made have been transmitted to the Court of Criminal Appeals had such documents been transmitted

—1—

# TABLE OF CONTENTS

Application _____ 1

Relator's Information _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Respondent's Information _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Respondent's Violation _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Prayer for Relief _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Affidavit _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Certificate of Service _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Exhibit "A" _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Exhibit "B" _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Exhibit "C" _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Exhibit "D" _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Court of criminal Appeals by Respondent as required by Statute. Relator would have received notce from the Court of Criminal Appeals.

II.

C. Respondent

2.01    Respondent, Loretta Cammack, in her capacity as District Clerk of Nacogdoches County, Texas has a ministrial duty to receive and file all papers in a Criminal Proceeding: And perform all other duties imposed on the Clerk by law Pursuant to Art. 2.21 and is responsible under TCCP 11.07 Sec. 3(c)to immediately transmit to the Court of Crim. App. a copy of the Application for Writ of Habeas Corpus,and any answers filed,and a certificate reciting the date upon which that finding was made if the convicting Court decides that there are no issues to be resolved.

Loretta Cammack, District Clerk, Nacogdoches County may be served at her place of business at 101 W. Main St. Roomm 120–Nacogdoches,Texas 75961.

III.

D.    VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

3.01    The Respondent violated Art. 11.07 Sec. 3(c)of the Texas Code of Criminal Procedure by failing to provide a copy of the Application for Writ of Habeas Corpus,any answers filed,and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals, within the time perscribed by law,and within a reasonable time from the date on which the documents were received to be transmitted.

3.02    Requests for the transmittal of the Application for Writ of Habeas Corpus,and a certificate reciting the date upon which that finding was made by Relator to Loretta Cammack,District Clerk, Nacogdoches County,by certified mail,letters dated December 16,2013 and january 29,2014(See

---2---

Attached Exhabits "A" and "B")The trial Court sent an order designating the issues which was filed on December 11,2013 as well as a letter stating Relator's Writ of Habeas Corpus was halted for further investigation(See Attached Exhabit "C")for order Designating Issues and Exhabit "D" for letter stating Application for Writ of Habeas Corpus had been halted. These requests by Relator made in good faith Pursuant to Article 11.07 Section 3(c)of the Texas Code of Criminal Procedure.

3.03 To date, Relator has received no response from Respondent regarding relator's request for transmittal of a copy of the Application for Writ of Habeas Corpus,any answers filed,or a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals.

3.04 As is clear from Relator's letters, Relator has repeatedly put Respondent on notice that Relator seeks the transmittal of a copy of the Application for Writ of Habeas Corpus,any answers filed,and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals,and such records are required by the Court of Criminal Appeals to act on Relator's Writ of Habeas Corpus

Relator has gone well beyond any requirement or obligations imposed upon him by the Texas Code of Criminal Procedure. In contrast to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedure, Article 11.07 Section 3(c),is acting in bad faith,and also failed to afford Relator the Professional and Common Courtesy of any written responses to his correspondence and requests.

3.05 Article 11.07 Section 3(c)clearly states that, "if the convicting Court decides there are no such iswsues,the Clerk shall immediately ··· transmit to the Court of Criminal Appeals a copy of the Application ,any answers filed,and a certificate reciting the date upon which that finding was made. Failure of the Court to act within the allowed

transmit to the Court of Criminal Appeals a copy of the Application, any answers filed, and a certificate reciting the date upon which the finding was made.

Failure of the Court to act within the allowed (20)days shall constitute such a finding. Texas Code of Criminal Procedure Article 11.07 SECTION 3(c).

Respondent is in violation of this procedure, ministrial duties and thus the laws of this State.

IV.

Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Relator, Mark W. Cole, pro se respectfully requests a finding that the Respondent did not transmit documents to the Court of Criminal Appeals within a reasonable time after the date they were requested and that relator brought forth this Litigation in good faith,and has Substantially Prevailed. Relator prays for an Order directing Respondent to transmit a copy of the Application for Writ of Habeas Corpus, and any answers filed,and any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure and in the Relator's letters,( Exhibits "A" and "B").

Respectfully Submitted,

Mark W. Cole,Relator

E.AFFIDAVIT

I swear under oath that the facts and allegations in the above Application for Writ of Mandamus are true and correct.

Relator

UNSWORN DECLARATION

Pursuant to Title 6, Section 132, V.C.S.A Civil Practice and Remedies Code, and Senate Bill #245 effective September 1st. 1987.

(1)

I, Mark W. Cole, T.D.C.J.-C.I.D. #1612025, Being presently incarcerated in the Texas Department of Criminal Justice Institutional Division located in Anderson County at the H.H. Coffield Unit, 26612 FM 2054 in Tennessee Colony Texas 75884; now declare under penalty of perjury, that the forgoing "Affidavit Relating to Previous Filing" is true and correct.

Executed on this, the ⎯⎯30⎯⎯ day of January, 2015.

Mark W. Cole, Applicant pro se
Coffield Unit-T.D.C.J.-C.I.D.
2661 FM 2054
Tennessee Colony, tx. 75884

(2)



# NACOGDOCHES COUNTY
### District Clerk
### Loretta Cammack

September 15, 2014

Mark Wayne Cole-TDCJ-#1612025
Coffield Unit
2661 FM 2054
Tennessee Colony, Tx 75884

Dear Mr. Cole,

Our office received letter regarding the status of your application for writ of habeas corpus. Your letter related that this office has not responded. This is not an accurate statement. This office sent you a letter on 12/27/2013 with a certified copy of the Order Designating Issues and an explanation of what this order is. This office primarily is the filing destination for court documents. The District Clerk's office is not responsible for expediting the process of applications for writs of habeas corpus especially in the event of an Order Designating Issues. To learn more about your status, you should contact Judge Klein's office. Included are the documents you requested.

All of the following information is true and correct to the best of my knowledge on this day September 15, 2014.

LORETTA CAMMACK
DISTRICT CLERK
NACOGDOCHES COUNTY, TEXAS

BY: _Laurie Phillips_
Laurie Phillips, Deputy Clerk

101 West Main Street, Room 120
Nacogdoches, TX 75961
(936) 560-7730 • (936) 560-7839 Fax
lcammack@co.nacogdoches.tx.us

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

Article Number: 7010 1870 0003 5733 3367

LUFKIN TX 75901
NACOGDOCHES TX 75961

| | | |
|---|---|---|
| Postage | $ | $5.70 |
| Certified Fee | | $3.10 |
| Return Receipt Fee (Endorsement Required) | | $2.55 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $11.35 |

Postmark Here — OCT 31 2013 — THE COLONY TX 75381 — TENNESSEE COLONY — USPS.COM

Sent To: District Clerk - Loretta Cammack
Street, Apt. No.; or PO Box No.: 101 W. Main St - Courthouse
City, State, ZIP+4: Nacogdoches Tx 75961

PS Form 3800, August 2006 — See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

District Clerk
Loretta Cammack Courthouse
101 W. Main St
Nacogdoches Tx 75961

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Joe English
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

NOV 04 2013 — NACOGDOCHES TX 75961 — USPS

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7010 1870 0003 5733 3367

PS Form 3811, February 2004       Domestic Return Receipt.       102595-02-M-1540



# NACOGDOCHES COUNTY
### District Clerk
### Loretta Cammack

December12, 2013

Mark Cole #1612025
Coffield Unit 2661 FM 2054
Tennessee Colony, Texas 75884

F0816393-A

Dear Mr.Cole,

Judge Edwin Klein has issued an order designating issues. This means the application for writ of habeas corpus has been halted until the issues in the order have been investigated.

Yours Very Truly,

Loretta Cammack
District Clerk
Nacogdoches County, Texas

Laurie Phillips, Deputy Clerk

Cc: Nicole Lostracco

CAUSE NO. F0816393-A

EX PARTE

§ IN THE 420TH JUDICIAL DISTRICT COURT

§ OF

MARK WAYNE COLE

§ NACOGDOCHES COUNTY, TEXAS

## ORDER DESIGNATING ISSUES

Having reviewed the applicant's petition for writ of habeas corpus, the Court finds that there are controverted, previously unresolved facts material to the legality of the applicant's confinement. The Court designates the following issues of fact to be resolved:

1.    Whether Applicant received effective assistance of counsel prior to entering his plea of guilt;

2.    Whether Applicant entered his plea of guilt voluntarily.

Therefore, pursuant to Texas Code of Criminal Procedure, Article 11.07, §3(d), this Court will resolve the above-cited issues and then enter findings of fact and conclusions of law. These issues shall be resolved by affidavits to be submitted by the parties as well as personal recollection by the Court and the pleadings on file. The parties are therefore **ORDERED** to submit their affidavits and any pleadings or briefs to accompany the affidavits within 30 days of the filing date of this Order.

Signed on the 11th day of December, 2013.

_____
EDWIN A. KLEIN
PRESIDING JUDGE

The undersigned does hereby certify that the foregoing is a true and correct copy of the original instrument as the same appears in the official records of the District Clerk of Nacogdoches County, Texas.
CERTIFIED this the 27th day of December, 2013
LORETTA CAMMACK, District Clerk
BY: _____
                                                    Deputy

Certified Copy

Loretta Cammack

Court Clerk

Dear Ms. Cammack,

    I am writing to you in regards of my Writ and Motions. Could you tell me where or at what stage my Writ and Motions are at, and could you Pos Date my last Motions and send me a copy of them, as well as how long it takes to get an answer?

Respectfully,

X _Mark Cole #1612625_



# NACOGDOCHES COUNTY
## District Clerk
## Loretta Cammack

December 27, 2013

Mark Cole #1612025
Coffield Unit 2661 FM 2054
Tennessee Colony, Texas 75884

F0816393-A

Dear Mr.Cole,

Judge Edwin Klein has issued an order designating issues. This means the application for writ of habeas corpus has been halted until the issues in the order have been investigated.

Yours Very Truly,

Loretta Cammack
District Clerk
Nacogdoches County, Texas

Laurie Phillips, Deputy Clerk

Cc: Nicole Lostracco

Dear Clerk/Judge,

Request appointment of Legal Counsel to represent me in an evidentary hearing, Article 11.07 Writ of Habaes Corpus procedure due to Petitioner's lack of legal knowledge and mental incapacity to conduct investigations and research due to the mitigating fact that Petitioner is unable to deal with the District Attorney and Trial Judge due to the Prosecutor's misconduct, the Trial Judge's abuse of discretion and gross negligent violations of Petitioner's State and Federal Rights.

5th, 6th, 8th and 14th Amendments as well as violations of S.B. 112 Amended to S.B. 1940 and S.B. 1557 by 81st Texas Legislature. The Petitioner's incompetency and mental instability are of such a level that specialized (Veteran's MH Care i.e. PTSD Schizoeffective etc. SI/HI, flashbacks and hearing voices).

Petitioner needs specialized care not available in TDCJ-CID. Let the record be known that I am being harressed by Correctional Officers from Majors down to CO's. Denial of access to my legal mail, denied the right to the Law Library and even medical care, my religious activities, suffering abusive language. I'm requesting assistance by issuing orders for them to leave me alone. Sir, will you please assign me an attorney to represent me at my hearing and to assist in 11.07 Writ of Habaes Corpus due to my lack of knowledge and understanding of the law.

I respectfully request that you also honor my request for an evidentary hearing and to be Bench Warranted to said hearing.

Respectfully,

x ~Mark S Cole~
Mark Wayne Cole #1612025

FILED
NACOGDOCHES COUNTY
TEXAS
2014 JAN 29 PM 4:18

Loretta Cammach
DISTRICT CLERK

Cole #1612025
Coffee Unit-TDCJ-ID
2661 FM 2054
Colony, Tx. 75884

Nacogdoches County District Clerk

Attention Loretta Cammach

Deputy Clerk Laurie Phillips

101 West Main-Room 120

Nacogdoches, Texas 75961

**Dear Clerk of the Court,**

**Please** forward me a copy of Motions for Evidentary Hearing, Motion Requesting a Bench Warrant, as well as a copy of Affidavit in Support of 11.07 Writ of Habaes Corpus. Also, please advise as to their status, whether they have been Approved, Denied or Pending.

cc: Mark Cole
Mark Cole

Respectfully,

x Mark Cole
Mark Wayne Cole #1612025

[Mr. Agnew even sent another Attorney by the name of Duke Brazelton about taking the offer made by Mr. Agnew. Mr. Agnew even Waived my Rights without my knowledge or consent, as well as Waving my Rights to a Competency Hearing in which he had absolutely no right to do, because I didn't understand while being very heavily medicated and not in a right state of mind].

I am requesting an Evidentiary Hearing and the right to be present at Said Hearing by Order of a Bench Warrant. I also request to be appointed Counsel at Said Hearing so that I may consult with Said Attorney. Prison conditions during Lockdowns restrict offenders from going to the Prison Law Library and only allow us 2(two)Law Books every other day, which makes access to the Courts even more difficult for us. With NO disrespect intended YOUR HONOR, justice has failed me and I've suffered a grave injustice!

Respectfully Submitted,

x *Mark Cole* #1612025
Mark Wayne Cole, TDCJ#1612054
Coffield Unit-TDCJ-ID
2661 FM 2054
Tennessee Colony, Tx. 75884

1-5-14

CAUSE NO. F0816393

| | | |
|---|---|---|
| MARK WAYNE COLE | § | IN THE 420th |
| Applicant | § | |
| VS. | § | DISTRICT COURT of |
| | § | |
| THE STATE of TEXAS | § | NACOGDOCHES COUNTY, TEXAS |

FILED
NACOGDOCHES TEXAS COUNTY
2014 JAN 10 AM 11: 02
DISTRICT CLERK

## APPLICANT'S [PERSONAL AFFIDAVIT]

Comes Now Mark Wayne Cole, TDCJ-ID#1612025 who asked Mr. William Agnew to remove himself from my Case in January of 2009. I fired him in writing and he told me that I couldn't do that, and the Judge wouldn't allow me to fire him either. My reason for firing him was that, he didn't investigate the facts pertaining to my Case. Mr. Agnew said that there was no reason to investigate any of my witnesses, and neither did he investigate the SBs under the 81st Legislature. Mr. Agnew didn't investigate the facts concerning my actual innocence, nor did he investigate NGRI[Not Guilty By Reason of Insanity], telling me that I couldn't make such a plea.

He only brought one plea bargain offer, and when I wouldn't agree, he threatened me, coerced me and defrauded me by making an involuntary plea before telling me once again that I couldn't make a plea of NGRI. It was during August/September through November 2009 when I was heavily medicated on Psych medication from North Texas State Hospital per Judge's orders! I was in such a state that my mind was clouded from the heavy medication, and I was clearly unable to reason or conclude anything whatsoever. I didn't understand anything that was happening during Said Trial, nor did I understand the ongoing from October of 2008 to November of 2009, to this present time, I just don't know what happened!

CAUSE NO.

Mark. W. Cole _____,
Applicant,

v.

THE STATE OF TEXAS,
Appellee.

§
§
§
§
§
§
§

FILED
NACOGDOCHES COUNTY
TEXAS
2013 IN THE 420TH DISTRICT COURT
25 AM 8:
OF NACOGDACHES COUNTY,
TEXAS
DISTRICT CLERK



## MOTION TO BE BENCH WARRANTED BACK TO THE COUNTY FOR
## THE EVIDENTARY HEARING

COMES NOW, Mark.W.Cole , TDCJ CID #16/2025 , Applicant in the above-styled and -numbered cause and files this motion to request to be bench warranted back to this county in order to be present at the evidentary hearing, and shows good cause to GRANT this motion as follows:

1) the Applicant belives that he has a right to be present ... to provide or explain any document that may reviewed by this court and to hold a proper argument against the state's case in chief, as provided by the U.S. Constitution, Amendments 5 and 14.

2) Seeing that the Applicant is present would be benefitial to this court upon any confusion that may occur or upon any explaination.

### PRAYER

The Applicant prays that this court will GRANT this motion and order that the Applicant to be bench warranted to this county in order to be present at his evidentary hearing.

### INMATE DECLARATION

I, Mark.w.Cole , TDCJ# 16/2025 , being incarcerated in the TDCJ-CID Coffield unit in Anderson County, Texas, do declare that the for going is true and correct under the penalty of perjury.

EXECUTED THIS DAY OF NOVEMBER , 2013

Respectfully Submitted,

Mark Cole
2661 FM 2054
Tenn.Colony, Tx. 75884

CAUSE NO. _____

FILED
NACOGDOCHES COUNTY
TEXAS
2013 NOV 26 AM 8: 26
_____ DISTRICT CLERK

Mark W. Cole____,  §
Applicant,          §
                    §      IN THE 420 JUDICIAL DISTRICT
V.                  §
                    §      COURT OF NACOGDACHES COUNTY,
The State of Texas, §
Appellee.           §      TEXAS.

## APPLICANT'S REQUEST FOR AN EVIDENTARY HEARING

NOW COMES, Mark W. Cole, TDCJ #1612025, Applicant in the above-styled and -numberd cause and files this motion to request for an evidentary hearing on the medical records and military records, and shows good cause to GRANT this motion as follows:

1) The Applicant filed a habeas corpus writ application within this court on or about Oct. 22nd of 2013. The Applicant raised several grounds that involves the Applicant's medical history of posttrumatic stress disorder and trumatic brain injury from a series of trumatic military experiences.

2) The Applicant requests that this court will hold and conduct an evidentary hearing on such records because the applicant believes that the medical history can and will provide an adequent vehicle in order to support the applicant's claim of involuntary plea bargain. Additionally the Applicant believes that this evidence would be favorable to all parties in order to see that justice is done.

3) Further the Applicant asserts that he, still to this day, has not seen his indictment, nor any other documents that pertain to this case at hand and further requests that this court will grant the applicant this oppertunity to have an evidentary hearing in order to properly exhaust his presented claims to this court.

### PRAYER

The Applicant prays that this court will GRANT this motion and request for an evidentary hearing on this evidence at hand in order that the Applicant can have the courts ruling on this presented evidecne. In alternative, the Applicant prays for an evidentary hearing on any other evidence that this court sees fit.

## INMATE DECLARATION

I, _Mark W. Cole_, TDCJ #_1612025_, being incarcerated in the TDCJ-CID Coffield unit in Anderson County, Texas, do declare that the for going is true and correct under the penalty of perjury.

---

EXECUTED THIS DAY OF NOVEMBER , 2013.

Respectfully Submitted,

_Mark Cole_
2661 FM 2054
Tenn.colony, Tx. 75884
PRO-SE.